# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JUAN ANTHONY VENCES #09119925** | § | |
| | § | |
| **V.** | § | **A-24-CV-01209-DII** |
| | § | |
| **THE STATE OF TEXAS, et al.** | § | |

## ORDER

Before the Court is Plaintiff Juan Anthony Vences' civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

### STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Williamson County Jail. Plaintiff alleges he was arrested and kidnaped on July 3, 2024. He claims he was held in a cell with no clothing for five days before he was processed. According to Plaintiff, the Williamson County Handbook requires that he be processed within 48 hours. Plaintiff believes the delay prevented him from being released. He further claims he was denied education, religion, and access to a legal law library, other than a kiosk. Plaintiff sues the State of Texas, Williamson County Sheriff Mike Gleason, the Williamson County Jail, and the Williamson County Courthouse. He seeks his immediate release and $25 million in damages.

Public records reflect Plaintiff was indicted in Williamson County of robbery in Cause No. 24-1257-K277 and fraudulent use or possession of five or more but less than ten items of identifying information in Cause No. 24-1258-K277. The docket sheets for Plaintiff's criminal cases reflect a

bond was set by the magistrate judge on July 3, 2024, and an order for an assessment under article 16.22 of the Texas Code of Criminal Procedure was filed the following day. Counsel was appointed to represented Plaintiff on July 8, 2024, and an Order for Competency Evaluation was filed September 4, 2024. Plaintiff was previously convicted in Williamson County in Cause No. 08-1133-K277 of aggravated robbery.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff filed his more definite statement on October 25, 2024. The more definite statement did little to correct the deficiencies in his original complaint.

DISCUSSION AND ANALYSIS

1.   Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is

plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2. <u>Eleventh Amendment Immunity</u>

Plaintiff's claims against the State of Texas are barred by sovereign immunity. Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis*

*v. Clarke*, 581 U.S. 155, 166 (2017).  Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest.  *Id.*  Thus, Plaintiff's claims against the State of Texas are dismissed.

      3.      <u>Entities Not Capable of Suit</u>

The Williamson County Jail and the Williamson County Courthouse are not legal entities capable of being sued.  *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Therefore, Plaintiff's claims against the Williamson County Jail and the Williamson County Courthouse are dismissed.

      4.      <u>Sheriff Mike Gleason</u>

Plaintiff appears to be suing Defendant Mike Gleason in his supervisory capacity.  Plaintiff fails to allege that Sheriff Gleason was personally involved in any of his alleged constitutional violations.  This failure is fatal to his claims.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing that "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional

4

deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017). Therefore, Plaintiff's claims against Sheriff Gleason in his individual capacity are dismissed.

5. <u>Williamson County</u>

To the extent Plaintiff's claims are construed as claims against Williamson County he has failed to state a claim. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.*; *see also Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990). Thus, Williamson County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based on custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice, or custom of Williamson County that caused a deprivation of his constitutional rights.

6. <u>Habeas Claims</u>

The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475,

488-490 (1973). To warrant habeas relief under 28 U.S.C. § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Based on the litigation history described in Plaintiff's complaint, more definite statement and state court documents, Plaintiff plainly has not exhausted his state court remedies. He also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, to the extent Plaintiff's civil-rights complaint is construed as a Section 2241 Habeas Corpus Petition, Plaintiff's claims are unexhausted and may not go forward here.

Moreover, Plaintiff's claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See*

*Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

## CONCLUSION

Plaintiff's claims against the State of Texas are barred by sovereign immunity. The Williamson County Jail and the Williamson County Courthouse are not legal entities capable of being sued. Plaintiff failed to allege that Sheriff Gleason was personally involved in any of his alleged constitutional violations. In addition, Plaintiff failed to identify a policy, practice, or custom of Williamson County that caused a deprivation of his constitutional rights. To the extent Plaintiff's claims are construed as a request for habeas corpus relief pursuant to 28 U.S.C. § 2241, they are dismissed without prejudice for failure to exhaust state court remedies. Moreover, all prerequisites for abstention under *Younger* are met in this case.

It is therefore **ORDERED** that Plaintiff's claims against the State of Texas are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's remaining claims for monetary relief are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims seeking habeas corpus relief are **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability is **DENIED**.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on October 31, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE